UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRA B. HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1618SNLJ |
| ) | |
| CAROLYN BOYER, ET. AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

*Pro se* prisoner plaintiff filed this §1983 action alleging that the defendants Carolyn Boyer and Corizon, Inc. (f/k/a Correctional Medical Services) were deliberately different to his medical needs by prescribing him incorrect psychotropic medication from October 6, 2008 through January 4, 2009. This matter is before the Court on the defendants' joint motion to dismiss [18], filed August 29, 2011. As of today's date, plaintiff has failed to file any type of responsive pleading to the instant motion.

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d. 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)(abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to

relief that is plausible on its face." Id., 550 U.S. at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." Id., 550 U.S. at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct", the complaint must be dismissed. Cole v. Homier Distributing Co., Inc., 599 F.3d. 856, 861 (8th Cir. 2010)(*citing* Ashcroft v. Iqbal, - U.S. -, 129 S.Ct. 1937. 1950 (2009)).

In passing on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d. 1038, 1040 (8th Cir. 2003). While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.(internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d. 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim; and therefore, the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to present evidentiary support for the complaint's allegations or will

ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 550 U.S. at 556; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations."). However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d. 866, 870 (8th Cir. 208). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal,  - U.S. -, 129 S.Ct. 1937. 1950 (2009)(*quoting* Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S.Ct. at 1950. With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

Normally, when reviewing a Rule 12(b)(6) motion, documents outside the pleadings are presented and not excluded, the motion must be treated as a motion for summary judgment. Rule 12(d) Fed.R.Civ.Pro. Documents that are necessarily embraced by the pleadings are not "matters outside the pleadings" for purposes of Rule 12(d). Enervations, Inc. v. Minnesota Mining & Mfg. Co., 380 F.3d. 1066, 1069 (8th Cir. 2004); *see also*, Zoltek Corp. v. Structural Polymer Group, 2008 WL 4921611, *2 (E.D.Mo. 2008) *rev. on other gds.* Zoltek Corp, at 592 F.3d. 893 (8th Cir. 2010). The documents attached to the Complaint are necessarily embraced by the pleadings and can be considered under the instant 12(b)(6) motion without converting the instant dismissal motion to a motion for summary judgment. In making its ultimate decision, the Court has not

considered any other exhibits that may have been filed by either party that are not necessarily embraced by the pleadings.[1]

In his complaint, plaintiff alleges that he was given incorrect medication twenty-four (24) times from October 6, 2008 through January 4, 2009 while incarcerated at the Eastern Reception and Diagnostic Correctional Center.[2] He further alleges that defendant Boyer ordered the incorrect medication despite plaintiff's assertions that he was suffering with nausea, pain in his stomach, headaches, and weight gain while taking said medication. He further alleges that defendant Boyer threaten him with placement in a strip cell if he did not take the medication. Finally, plaintiff alleges that because of this incident he is afraid of taking any further medication given to him by defendant Corizon's medical personnel.

Plaintiff's own exhibits show that on or about January 6, 2009 plaintiff filed an IRR (Informal Resolution Request) alleging that from October through December 2008 he was given Remeron. Plaintiff's IRR, dated January 6, 2009. Plaintiff further alleges in his IRR that on December 24, 2008 after noticing that the Remeron was not in his evening medication allotment, he was told that Remeron was not prescribed for him. Nowhere in this IRR does plaintiff make any allegation that he was threatened by any of the medical staff, including defendant Boyer.

---

[1]One of the exhibits attached to the plaintiff's complaint is a copy of a deposition taken in a Southeastern case before Senior United States District Judge Charles A. Shaw: **Harris v Kempker, et. al.**, 1:05CV217CAS. The deposition testimony was taken on October 10, 2007 and the deponent was Dr. Bruce Harry. The Court will not consider this exhibit in addressing the instant motion because the deposition was taken of a non-party to the present case, taken in a totally different case before a different judge, and taken prior to alleged incidents giving rise to the instant lawsuit.

[2]On or about March 3, 2009 plaintiff was transferred to the Jefferson City Correctional Center.

Plaintiff's January 6th IRR was investigated, including an interview of the plaintiff and review of his medical records. On or about February 23, 2009 K. Barton, Assistant Director of Nursing, responded, in writing, to plaintiff's January 6th IRR She reports that upon review of plaintiff's medical records it was determined that plaintiff was given Remeron 45 mg during the medication passes in October (2008). She further notes that the order for Remeron was transcribed on October 6, 2008, and plaintiff received his first dose on October 7. She further notes that plaintiff received his last dose of Remeron on October 31, 2008 and that there is no other transcription in plaintiff's medical records showing an order for Remeron beyond October 2008. Barton concludes that plaintiff was "given Remeron in October which was not prescribed to you.". Plaintiff's Exhibit - IRR Response, received by the Assistant Warden/GP on February 26, 2009. Barton further informs the plaintiff that the incident was discussed with the physician on staff and that "no need for testing or treatment from receiving this medication.". Barton further informs that plaintiff that a mental health evaluation appointment was set up for the plaintiff concerning the incident and that steps were being taken so that his receipt of the wrong medication would not occur in the future. IRR Response.

Plaintiff was not pleased with the resolution of his January 6 IRR and filed a second IRR on or about March 15, 2009. He claims that the medical records were "tampered with" to show that he did not receive Remeron in November and December, 2008. He demands that defendant Boyer be fired; however, he does not state any specific reason for wanting her fired (other than his general belief that she, and others, were responsible for giving him the wrong medication). Plaintiff's Exhibit - IRR, dated March 15, 2009.

On or about March 24, 2009, upon review of both of plaintiff's IRRs, the Warden's response adopted Barton's IRR Response. The Warden's Response reiterated that although

5

plaintiff was given the wrong medication in October, the "Medication Administration Record does not indicate that you received the medication in November and December.". Plaintiff's Exhibit - Recommended Warden Response. The Warden's Response indicated that plaintiff was under the regular care of a psychiatrist and that "[N]o untoward effects resulted from you receiving the Remeron.". Again, the administration apologized for the incident and informed the plaintiff that it has "taken appropriate action to ensure this does not happen again.".

Again, plaintiff was not pleased with the administration's response. On or about June 8, 2009, he filed a Offender Grievance Appeal (OGA). In this OGA, plaintiff demands that defendant Boyer be fired for "issuing me the wrong medication for three months Oct. Nov. Dec. of 2008.". He never mentions anywhere in the OGA anything about defendant Boyer threatening him with placement in the strip cell if he had refused to take the said medication. He again claims that the prison officials have conspired to alter his medical records to show that he did not receive Remeron in November and December 2008. Finally, he asserts that he has suffered ill effects from taking the Remeron. Plaintiff's Exhibit - OGA, dated June 8, 2009.

On or about August 14, 2009 the administration's Offender Grievance Appeal Response was issued. The OGA Response firstly notes that technically plaintiff's original IRR of January 6, 2008 was not submitted in accordance with the Offender Grievance Policy D5-3.2 because it was untimely. The OGA Response further reiterates that all the evidence shows that plaintiff received the Remeron in October 2008 only. The OGA Response further notes that plaintiff's medical record "does not show any further issues or concerns associated with the medications and the administration of medications.". Finally, the OGA Response informs the plaintiff that the matter is closed and no further action would be taken.

6

To establish that the defendants' conduct violated the Eighth Amendment's prohibition against cruel and unusual punishment, Harris must demonstrate that the individual defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Meloy v. Bachmeier, 302 F.3d. 845, 848 (8th cir. 2002); Robinson v. Hager, 292 F.3d. 560, 563 -64 (8th Cir. 2002); Jolly v. Knudsen, 205 F.3d. 1094, 1096 (8th Cir. 2000); Logan v. Clark, 119 F.3d. 647, 649 (8th Cir. 1997). An inmate must establish both the objective and subjective components of a §1983 inadequate medical treatment claim; i.e., must show both that the inmate had an objectively serious medical need and that the defendants actually knew of and deliberately disregarded that need. Meloy, at 848; Robinson, at 564; Jolly, at 1096; Coleman v. Rahija, 114 F.3d. 778, 784 (8th Cir. 1997); *see also*, Farmer v. Brennan, 511 U.S. 825 (1994); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. at 105. Deliberate indifference may be manifested by the manner in which prison doctors respond to an inmate's medical needs or by prison officials intentionally denying or delaying access to medical care, or interfering with an inmate's proscribed medical treatment. Meloy, at 849 *citing* Estelle v. Gamble, 429 U.S. at 104-05; Roberson v. Bradshaw, 198 F.3d. 645, 647 (8th Cir. 1999).

A "serious medical need" is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Coleman, at 784 *quoting* Camberos v. Branstad, 73 F.3d. 174, 176 (8thCir. 1995); *see also*, Simmons v. Cook, 154 F.3d. 805, 807-08 (8th Cir. 1998) *quoting* Moore v. Jackson, 123 F.3d. 1082, 1086 (8th Cir. 1997)("A medical need is serious if it is obvious to the layperson or supported by medical evidence."). When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, "the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment." Keeper v. King, at

7

1314-15; Coleman, at 784; Crowley v. Hedgepeth, 109 F.3d. 500, 502 (8th Cir. 1997). Furthermore, to impose liability, the inmate must demonstrate that the delay was prompted by "obduracy and wantoness, not inadvertance or error in good faith." Ruark v. Drury, 21 F.3d. 213, 216 (8th Cir. 1994) *quoting* Whitley v. Albers, 475 U.S. 312, 319 (1986). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." Beyerbach v. Sears, 49 F.3d. 1324, 1326 (8th Cir. 1995). A failure by an inmate to place such supporting medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment "precludes a claim of deliberate indifference to medical needs." Coleman, at 784 *citing* Crowley, at 502.

In order to satisfy the subjective component of an Eighth Amendment medical claim, a plaintiff inmate must show that the prison official(s) had actual knowledge of, yet disregarded, an excessive risk to the inmate's health. Keeper v. King, at 1314 *quoting* Logan v. Clarke, 119 F.3d. 647, 649 (8th Cir. 1997); *see also*, Farmer v. Brennan, 511 U.S. at 837. A prison official may be liable under the Eighth Amendment if s/he knows that an inmate faces a substantial risk of serious harm and fails "to take reasonable measures to abate it." Coleman, at 785 *citing* Farmer v. Brennan, 511 U.S. at 847. "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Coleman, at 785 *quoting* Long v. Nix, 86 F.3d. 761, 765 (8th Cir. 1996). A prison official's requisite knowledge may be established circumstantially or from the fact that the seriousness of the medical need was obvious. Coleman, at 786; Boyd v. Knox, 47 F.3d. 966, 968 (8th Cir. 1995).

8

Inherent in the concept of "deliberate indifference" is actual knowledge of a serious risk to the inmate's health by the prison official, and the prison official's conscious choice to disregard that risk; consequently, mere negligence or a claim for medical malpractice cannot be sustained under the Eighth Amendment. Robinson, at 647; Dulaney v. Carnahan, 132 F.3d. 1234, 1239 (8th Cir. 1997); Smith v. Jenkins, 919 F.2d. 90, 93 (8th Cir. 1990). A mere disagreement with a course of treatment or medical diagnosis fails to state an Eighth Amendment medical claim. Smith v. Marcantonio, 910 F.2d. 500, 502 (8th Cir. 1990); Lair v. Oglesby, 859 F.2d. 605, 606 (8th Cir. 1988). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Jolly, at 1096 *quoting* Estate of Rosenberg v. Crandell, 56 F.3d. 35, 37 (8th Cir. 1995).

Finally, nothing in the Eighth Amendment precludes prison doctors from exercising their independent medical judgment. Long v. Nix, 86 F.3d. 761, 765 (8th Cir. 1996). Inmates do not have a constitutional right to any particular type of treatment. Long v. Nix, at 765. "Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, at 765 (citations omitted).

Plaintiff's complaint, and his exhibits, fail to show that the defendants were deliberately indifferent to his medical needs. Plaintiff raised a medical concern; i.e., that he was given the wrong medication, and that concern was immediately addressed by the prison officials and the medical staff. At best, all plaintiff has alleged is negligence in being given the wrong medication, at least in October 2008. Plaintiff has failed to file any response disputing his own exhibits that show that he was not given Remeron in November and December 2008. Plaintiff's speculations

and conspiracy theories, as expressed in his IRRs, are not "facts" sufficient to state a claim that is plausible on its face. As soon as it was determined that plaintiff had been given the wrong medication in October 2008, he was evaluated for any ill effects and none were noted. Again, plaintiff has stated only speculations and mere conclusions and has failed to state "facts" which demonstrate any deliberate indifference on the part of the defendants.

As for defendant Boyer, plaintiff has failed to provide any facts which make his claim of threats plausible. Nowhere in his own exhibits does he ever mention any type of threat by defendant Boyer. At best, his complaint and exhibits only show that he wanted her fired for giving him the wrong medication. Personnel decisions are not a proper subject for a §1983 Eighth Amendment medical indifference claim.

Plaintiff has failed to state sufficient facts showing that his §1983 Eighth Amendment medical indifference claim, regarding the provision of incorrect medication and/or threats by defendant Boyer, is plausible on its face.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [19] be and is **GRANTED**. Plaintiff's complaint is hereby **DISMISSED IN ITS ENTIRETY** for failure to state a claim. No further action shall be taken in this case.

Dated this   30th   day of December, 2011.

_/s/ Stephen N. Limbaugh, Jr._
UNITED STATES DISTRICT JUDGE